# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0228-20

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

     Plaintiff-Respondent,

v.

J.B.,

     Defendant-Appellant,

and

P.W.,

     Defendant.

_____

IN THE MATTER OF
S.F., a minor.

_____

Submitted February 8, 2022 – Decided February 22, 2022

Before Judges Fisher and Currier.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Cumberland County, Docket No. FN-06-0186-19.

Joseph E. Krakora, Public Defender, attorney for appellant (Catherine Reid, Designated Counsel, on the briefs).

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Nicholas Dolinsky, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, attorney for minor (Meredith Alexis Pollock, Deputy Public Defender of counsel; and Noel C. Devlin, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

On June 4, 2019, defendant J.B. gave birth to S.F. (Serena), who was then admitted to the neonatal intensive care unit because she was born premature and tested positive for cocaine. While Serena did not immediately suffer from withdrawal symptoms, she did a few days after her birth and required morphine to treat the symptoms. Defendant also tested positive for illicit drugs at the time of Serena's birth and was combative with hospital staff; she was psychiatrically examined and involuntarily committed.

The hospital contacted the Division of Child Protection & Permanency and reported the circumstances. About the time Serena was discharged from the

A-0228-20

hospital, the Division filed a complaint alleging defendant had abused or neglected Serena under Title Nine, served defendant with a notice of an emergency removal of the child, and placed Serena with defendant's mother.

Defendant did not appear on the return date of the initial order to show cause. After a hearing, the judge granted the Division custody of the child and ordered defendant to submit to a substance abuse evaluation, psychological and psychiatric evaluations, and random urine screens.

There followed a few case management conferences, none of which defendant attended. The Division kept the court advised that defendant was not engaging in services[1] and had not been in contact with the Division; the Division also advised it was having difficulty locating defendant. The Division, however, learned the identity of Serena's father, P.W., and filed an amended complaint naming him as a defendant. At the Division's request, the court converted the case to a Title Thirty litigation while reserving the Division's right to pursue its Title Nine claim.

After a few false starts, the fact-finding hearing was scheduled for January 10, 2020. Defendant appeared and finally filled out the necessary forms for the

---

[1] The Division advised the court that defendant attended a substance abuse evaluation but was belligerent and did not complete the process. In fact, defendant then admitted she would test positive for cocaine.

A-0228-20

appointment of counsel. The hearing was adjourned so defense counsel could obtain discovery and become familiar with the matter.

The COVID-19 pandemic caused delays as the courts moved to virtual hearings. When defense counsel advised she was having difficulty contacting defendant for an April 2020 hearing, the court rescheduled the hearing again.

The fact-finding hearing finally occurred on June 11, 2020, via remote teleconferencing. The trial court reached out to defendant at her last known telephone number but she did not answer and ultimately did not appear for the hearing. The Division elicited testimony from its witnesses and offered into evidence various documents and other evidential material. Defense counsel cross-examined the Division's witnesses but called no witnesses on defendant's behalf. The trial judge found the Division sustained its claim of abuse or neglect beyond a preponderance of the evidence and entered an appropriate order memorializing the findings. The litigation was terminated in August 2020.

Defendant appeals, arguing:

> I. THE FAMILY PART ERRED IN ADMITTING UNCERTIFIED HOSPITAL RECORDS INTO EVIDENCE, AS WELL AS RELYING UPON THOSE UNCERTIFIED RECORDS TO CONCLUDE THAT [THE DIVISION] MET ITS BURDEN OF PROOF AND PRESENTED COMPETENT, MATERIAL AND RELEVANT EVIDENCE THAT [DEFENDANT'S] DRUG USE RESULTED IN INJURY TO SERENA.

4

II. EVEN IF THE HOSPITAL RECORDS HAD BEEN PROPERLY ADMITTED, THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE LEGAL CONCLUSION THAT SERENA WAS AN ABUSED AND NEGLECTED CHILD.

III. THE FAMILY PART DENIED [DEFENDANT] PROCEDURAL DUE PROCESS WHEN IT CONCLUDED THAT [DEFENDANT] WAS PROVIDED CONSTITUTIONALLY SUFFICIENT NOTICE OF THE FACT-FINDING TRIAL BASED ON ONE TEXT MESSAGE AND EMAIL, AND WHEN IT ASSUMED THIS HOMELESS, INDIGENT PARENT COULD MEANINGFULLY PARTICIPATE IN A ZOOM TRIAL DURING A PANDEMIC. THESE DUE PROCESS CONCERNS WERE MAGNIFIED BY THE INEFFECTIVE ASSISTANCE OF [DEFENDANT'S] ASSIGNED COUNSEL AND REQUIRE REVERSAL AND REMAND FOR A NEW TRIAL.

IV. THE TITLE [NINE] DETERMINATION, REACHED AFTER A TRIAL BY ZOOM WHEN THE COURT COULD NOT GET IN TOUCH WITH A HOMELESS PARENT BY PHONE, SHOULD BE REVERSED BASED ON CONSIDERATIONS OF FUNDAMENTAL FAIRNESS.

We find insufficient merit in these arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). In affirming the order under review, we add only a brief discussion about defendant's Point I arguments about the admission of evidence and her Point III claim of a due process deprivation.

Defendant argues in Point I that the hospital records offered by the Division and admitted into evidence were not sufficiently authenticated. We reject this because defense counsel did not object to the admission of these records at the hearing. Even if we assume there was something imperfect about the foundation for the records, defendant deprived the Division of the opportunity to correct any deficiencies by failing to object at the appropriate time. We find no abuse of discretion in the trial judge's admission of or reliance on the hospital records in this circumstance.

We also find no merit in defendant's due process arguments in Point III. Because the case involves the Division's intrusion into defendant's parental rights, she was, of course, entitled to procedural due process. See S.C. v. N.J. Dep't of Children & Families, 242 N.J. 201, 230-34 (2020); N.J. Div. of Youth & Family Servs. v. G.M., 198 N.J. 382, 401-02 (2009); N.J. Div. of Youth & Family Servs. v. A.R.G., 179 N.J. 264, 285-86 (2004). But there is no question defendant received all the process that was due.

First, defendant was personally served with a notice of the emergency removal and of the court proceedings when they were commenced. And she received notices of all the proceedings that followed. Once defendant was represented by counsel, her attorney was also given notice or otherwise made

A-0228-20

aware of when court proceedings would occur. Even then, the Division did its best to communicate directly with defendant to ensure her attendance at future proceedings.

As noted earlier, defendant appeared in court for the adjourned fact-finding hearing on January 10, 2020; this was when she first applied for the appointment of counsel. The application was granted and the hearing to occur that day was adjourned. On the rescheduled date – April 30, 2020 – defendant did not appear for the video remote hearing and, again, it was adjourned at the request of defense counsel.

On June 11, 2020, defendant again failed to appear. Her attorney did appear and the judge decided the time had come to proceed. At that point, the case was a year old, as was the child. The record contains evidence of the trial court's attempts to contact defendant by phone prior to the hearing, and the judge also heard evidence from a Division witness as to the attempts the Division made to contact defendant to secure her appearance at the hearing.

We find no deprivation of due process in these circumstances. Indeed, we are satisfied it was enough, in these circumstances, that defense counsel was advised of the proceedings. Notice to defense counsel was notice to defendant.

7

Defendant also argues that the conducting of a video-conference hearing rather than an in-person hearing constitutes a due process deprivation. We disagree. There may be circumstances about a video-conference hearing – for example, unexpected technical difficulties that infringe the ability to hear or be heard or to testify or cross-examine – that might call into question the sufficiency of the process. But no such argument is made here. The argument is only that the mere scheduling of a video-conference hearing constitutes a due process deprivation. To be sure, due process is a flexible concept. Doe v. Poritz, 142 N.J. 1, 106 (1995). But there is nothing about a video-conference hearing that constitutes a per se due process violation. To the contrary, such hearings may be conducted without any impairment of the parties' ability to present their evidence or of the court's ability to understand the factual presentations and assess the credibility of the witnesses. See Pathri v. Kakarlamath, 462 N.J. Super. 208 (App. Div. 2020).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION